UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEVIN LEE JAMES SCHMIDT,<br><br>    Petitioner,<br><br>    v.<br><br>RALPH DIAZ, Secretary of California Department of Corrections and Rehabilitation ("CDCR"),<br><br>    Respondent. | Case No. 20-cv-00219-YGR (PR)<br><br>**ORDER TO SHOW CAUSE** |

Petitioner, a state parolee, has filed this *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. He has paid the full filing fee.

The rules governing relief under 28 U.S.C. § 2254 require a person in custody pursuant to the judgment of a state court to name the "'state officer having custody'" of him as the respondent. *Ortiz-Sandoval v. Gomez*, 81 F.3d 891, 894 (9th Cir. 1996) (quoting Rule 2(a) of the Rules Governing Habeas Corpus Cases Under Section 2254). This person typically is the warden of the facility in which the petitioner is incarcerated. *See Stanley v. California Supreme Court*, 21 F.3d 359, 360 (9th Cir. 1994). Failure to name the petitioner's custodian as a respondent deprives federal courts of personal jurisdiction, *see id.*, but the allegations of the petition are to be liberally construed when considering whether the proper respondent has been named, *see Belgarde v. Montana*, 123 F.3d 1210, 1214 (9th Cir. 1997). The "'state officer having custody'" also may include "'the chief officer in charge of state penal institutions.'" *Ortiz-Sandoval*, 81 F.3d at 894 (quoting Rule 2(a) advisory committee's note).

Here, Petitioner has named as Respondent George Jaime, the warden of the California City Correctional Facility. However, the proper respondent should be "'the chief officer in charge of state penal institutions,'" who has "custody" of Petitioner, a parolee. *See* Rule 2(a) advisory committee's note; Fed. R. Civ. P. 19(a). Accordingly, Secretary of CDCR Ralph Diaz is named as

the respondent in this action in place of Warden Jaime. *See Ortiz-Sandoval*, 81 F.3d at 894.

It does not appear from the face of the petition that it is without merit. Good cause appearing, the Court hereby issues the following orders:

1. The Clerk of the Court shall serve a copy of this Order and the petition and all attachments thereto upon Respondent and Respondent's attorney, the Attorney General of the State of California. The Clerk shall also serve a copy of this Order on Petitioner at his current address.

2. Respondent shall file with this Court and serve upon Petitioner, within **sixty (60) days** of the issuance of this Order, an Answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be issued. Respondent shall file with the Answer a copy of all portions of the relevant state records that have been transcribed previously and that are relevant to a determination of the issues presented by the petition.

3. If Petitioner wishes to respond to the Answer, he shall do so by filing a Traverse with the Court and serving it on Respondent within **sixty (60) days** of his receipt of the Answer. Should Petitioner fail to do so, the petition will be deemed submitted and ready for decision **sixty (60) days** after the date Petitioner is served with Respondent's Answer.

4. Respondent may file with this Court and serve upon Petitioner, within **sixty (60) days** of the issuance of this Order, a motion to dismiss on procedural grounds in lieu of an Answer, as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing Section 2254 Cases. If Respondent files such a motion, Petitioner shall file with the Court and serve on Respondent an opposition or statement of non-opposition to the motion within **sixty (60) days** of receipt of the motion, and Respondent shall file with the Court and serve on Petitioner a reply within **fourteen (14) days** of receipt of any opposition.

5. It is Petitioner's responsibility to prosecute this case. Petitioner must keep the Court and Respondent informed of any change of address and must comply with the Court's orders in a timely fashion. Pursuant to Northern District Local Rule 3-11 a party proceeding *pro se* whose address changes while an action is pending must promptly file a notice of change of

2

address specifying the new address. *See* L.R. 3-11(a). The Court may dismiss a *pro se* action without prejudice when: (1) mail directed to the *pro se* party by the Court has been returned to the Court as not deliverable, and (2) the Court fails to receive within sixty days of this return a written communication from the *pro se* party indicating a current address. *See* L.R. 3-11(b); *see also Martinez v. Johnson*, 104 F.3d 769, 772 (5th Cir. 1997) (Rule 41(b) applicable in habeas cases).

Petitioner must also serve on Respondent's counsel all communications with the Court by mailing a true copy of the document to Respondent's counsel.

6. Upon a showing of good cause, requests for a reasonable extension of time will be granted provided they are filed on or before the deadline they seek to extend.

7. Secretary of CDCR Ralph Diaz is substituted as Respondent pursuant Rule 2(a) of the Rules Governing Habeas Corpus Cases Under Section 2254.

IT IS SO ORDERED.

Dated: March 9, 2020

_____
YVONNE GONZALEZ ROGERS
United States District Judge